UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Crim. File No. 11-171 (PAM)

          Plaintiff,

v.                                       **MEMORANDUM AND ORDER**

Khaffak Sahib Ansari,

          Defendant.

_____

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 and Motion to Expedite Psychological Report and Supportive Documentation Relating to Inquiry Under the Freedom of Information Act. For the reasons that follow, the Motions are denied.

**BACKGROUND**

On September 22, 2011, Defendant pled guilty to food stamp fraud in violation of 7 U.S.C. § 2024(b). This Court sentenced Defendant to a 41-month term of imprisonment on May 8, 2012. This Court also ordered restitution in the amount of $2.4 million. Defendant did not appeal his sentence, likely because he fled the jurisdiction prior to his voluntary surrender date.[1]

---

[1] In September 2012, Defendant was located in Central America. He ultimately pled guilty for failure to surrender under 18 U.S.C. § 3146(a)(2). The Court sentenced him to 12 months and one day of imprisonment to run consecutive to the 41-month sentence imposed in the instant case.

Defendant now contends that his lawyer's assistance was ineffective because he did not request a competency hearing or a downward departure despite Defendant's "disturbed psychological background." Defendant seeks to withdraw his guilty plea and have a competency hearing. Defendant alternatively seeks re-sentencing based on his diminished mental capacity.

**DISCUSSION**

**A.     Section 2255 Motion**

In order to prove ineffective assistance of counsel, a petitioner must show deficient performance, that is, that "counsel's representation fell below an objective standard of reasonableness," and actual prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

    **1.     Competence**

Defendant argues that his upbringing in war-torn Iraq and the loss of his wife in the 35W bridge collapse should have led his attorney to conclude that he was mentally unfit to plead guilty and generally participate in his case. Defendant contends that his attorney's failure to request a psychological evaluation and competency hearing under these circumstances constituted ineffective assistance of counsel and rendered his plea unknowing and involuntary.

"The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel." Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996) *(*quoting Speedy v. Wyrick, 702 F.2d 723, 726 (8th Cir. 1983)). Defense counsel's failure to request a competency hearing will be deemed objectively unreasonable if evidence at the time raised substantial doubt about Defendant's mental competence. Ford v. Bowersox, 256 F.3d 783, 786 (8th Cir. 2001) (citing Drope v. Missouri, 420 U.S. 162, 181 (1975)). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." Id. (quoting Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993)) (emphasis in original). Defendant was incompetent if he lacked "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'" Id. (quoting Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)). "Although no 'fixed or immutable' signs create sufficient doubt about competence, pretrial behavior, demeanor during trial, and previous medical opinions regarding competency are relevant considerations." Id. (quoting Drope, 420 U.S. at 180).

Defendant does not point to any particular conduct or statements that his counsel or the Court witnessed that would cast any doubt on his competence. Rather, Defendant relies on the fact that he experienced traumatic events in his childhood and in the recent past, and he argues that those events were sufficient to create doubt as to his ability to understand the proceedings. During court proceedings, however, Defendant showed no outward signs of diminished mental capacity or inability to understand the proceedings. To the contrary, in

each court appearance, Defendant was lucid and plainly able to comprehend what was happening and why it was happening. During the plea hearing, the Court asked Defendant a litany of questions designed to ensure that his plea was knowing and voluntary. (See, e.g., Change of Plea Hr'g Tr. at 7-8, 13.) His answers to those questions unequivocally established his competence. Defendant has presented no specific facts in the present Motion to undermine that conclusion. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (holding that a "presumption of verity" attaches to in-court statements of defendant in response to questions designed to ascertain the knowing and voluntary nature of a guilty plea).

Defendant argues that the PSR establishes his incompetence because it recites the events of his past and reports that Defendant "would like to receive treatment[.]" (Docket No. 99 at 8.) All this shows, however, is that Defendant has unresolved issues he would like to explore through therapy. Rather than demonstrating a lack of competence, Defendant's request evinces rational self-awareness. Simply put, the record is devoid of any support for this aspect of Defendant's ineffective assistance of counsel claim. Although less than idyllic, Defendant's childhood experience does not render him incompetent, nor does the tragic loss of his wife.

### 2. **Downward Departure**

Defendant next argues that his counsel was ineffective because he did not seek a downward departure based on his mental and emotional state. This argument is also without merit. The record establishes that the Court took Defendant's background into consideration in determining the appropriate sentence and specifically declined to depart downward from

the guidelines range on that basis. (Sentencing Hr'g Tr. at 41.) Thus, Defendant cannot establish any prejudice caused by defense counsel's failure to move for a downward departure.

**B.     Motion to Expedite Psychological Report**

Defendant contends that an expedited psychological exam is needed to support his § 2255 Motion. As set forth above, the Court has sufficient information to deny Defendant's § 2255 Motion on the present record. Defendant's Motion therefore is denied.

**C.     Certificate of Appealability**

An individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2255 must first secure a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate."). Instead, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir.

1997).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

As discussed, the Court is firmly convinced that Defendant's claim is baseless, and that reasonable jurists could not differ on the results given the nature of Defendant's arguments.  A COA is therefore denied.

**CONCLUSION**

Defendant's § 2255 Motion is meritless.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 (Docket No. 95) is **DENIED**;

2. Defendant's Pro Se Motion to Expedite Psychological Report and Supportive Documentation Relating to Inquiry Under the Freedom of Information Act in Support of Memorandum of Law of Khaffak Sahir Ansari (Docket No. 100) is **DENIED**;

3. A Certificate of Appealability is **DENIED**;

4. Defendant's Motion and Affidavit for Permission to Appeal In Forma Pauperis (Docket No. 96) is **DENIED as premature**; and

5. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 23, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge